**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 07-4692**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

CLEVELAND JORDAN, JR.,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Norfolk.  Rebecca Beach Smith, District Judge.  (2:06-cr-00033-RBS)

Submitted: February 22, 2008          Decided:  March 4, 2008

Before NIEMEYER and TRAXLER, Circuit Judges, and WILKINS, Senior Circuit Judge.

Vacated and remanded by unpublished per curiam opinion.

Michael S. Nachmanoff, Federal Public Defender, Keith Loren Kimball, Assistant Federal Public Defender, Norfolk, Virginia, for Appellant.  Chuck Rosenberg, United States Attorney, Richard D. Cooke, William D. Muhr, Assistant United States Attorneys, Norfolk, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Cleveland Jordan, Jr., pled guilty to three counts of possession of crack with intent to distribute, 21 U.S.C.A. § 841(a), (b)(1)(B) (West 1999 & Supp. 2007), and was sentenced at the bottom of the advisory guideline range to a term of 108 months imprisonment. Jordan appeals his sentence, arguing that the district court erred in declining to consider the disparity in sentences for crack and powder cocaine offenses, applied the wrong legal standard in determining his sentence, and imposed a sentence greater than necessary to fulfill the purposes of sentencing. For the reasons explained below, we vacate the sentence and remand for resentencing.

When Jordan was sentenced, our circuit precedent did not permit the sentencing court to impose a variance sentence based on the disparity in sentences prescribed under the guidelines for crack and powder cocaine offenses. See United States v. Eura, 440 F.3d 625, 634 (4th Cir. 2006) (holding that 100:1 ratio could not be used as basis for variance), vacated, 128 S. Ct. 853 (2008). Since then, the Supreme Court decided, in Kimbrough v. United States, 128 S. Ct. 558, 575 (2007), that "it would not be an abuse of discretion for a district court to conclude when sentencing a particular defendant that the crack/powder disparity yields a sentence 'greater than necessary' to achieve § 3553(a)'s purposes, even in a mine-run case." Kimbrough thus abrogated Eura.

We review a sentence for reasonableness, applying an abuse of discretion standard.  <u>Gall v. United States</u>, 128 S. Ct. 586, 597 (2007).  A sentence within a correctly calculated advisory guideline range is presumptively reasonable.  <u>United States v. Moreland</u>, 437 F.3d 424, 433 (4th Cir.), <u>cert. denied</u>, 126 S. Ct. 2054 (2006); <u>see also</u> <u>Rita v. United States</u>, 127 S. Ct. 2456, 2462-69 (2007) (upholding presumption of reasonableness for within-guidelines sentence).  However, in deciding not to depart or vary below the guideline range in this case, the district court did not have the benefit of the Supreme Court's decision in <u>Kimbrough</u>.  To give the district court an opportunity to reconsider the sentence in light of <u>Kimbrough</u>, we conclude that resentencing is necessary.

We therefore vacate the sentence imposed by the district court.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>VACATED AND REMANDED</u>